UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Leo Meronvil,

    Plaintiff,

v.

JANE DOE #1, et al.,

    Defendants.

No. 17-cv-8055 (KM) (CLW)

OPINION

### KEVIN MCNULTY, U.S.D.J.

Plaintiff Leo Meronvil, a prisoner presently incarcerated at East Jersey State Prison in Rahway, New Jersey, seeks to bring claims pursuant to 42 U.S.C. § 1983 against Defendants Sgt. Oliver, G. Doyle, E. Vazquez, H. Silva, C.O. Macardo, C.O. Gomez, and John Doe No. 7, for conduct relating to an alleged beating.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will allow the Complaint to proceed, except as to Plaintiff's Eighth Amendment medical claim, which is dismissed without prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A.

### I. BACKGROUND

Plaintiff filed his Complaint on October 5, 2017. ECF No. 1. It alleges that on September 16, 2016, while Plaintiff was housed at Northern State Prison, the defendants

assaulted Plaintiff without justification, and that the assault was motivated by discrimination based on Plaintiff's race or national origin. Compl. ¶ 2.

On that day, Plaintiff alleges, Defendant Sgt. Oliver ordered the inmates in Plaintiff's housing unit to kneel with their hands behind their heads; the reason for this directive is unknown. Compl. ¶ 17. Some of the other inmates had difficulty remaining in this position and requested to lie flat on their stomachs, which Sgt. Oliver permitted them to do. Compl. ¶ 17. Plaintiff also asked to lie flat on his stomach because his knees hurt badly. Compl. ¶ 18. Sgt. Oliver asked him, "Where are you from?" to which Plaintiff replied, "I'm from Haiti." *Id.* Plaintiff then alleges that Sgt. Oliver said, "Only Americans get the comforts of America – No, stay on your knees." *Id.* Plaintiff eventually collapsed to his stomach from the pain in his knees, after which Sgt. Oliver said, "Didn't I tell your Haitian ass to stay on your knees?" Compl. ¶¶ 18–19.

Sgt. Oliver then directed Defendant G. Doyle to take Plaintiff to the barber shop and ordered the other inmates to leave the barber shop area. Compl. ¶ 19. Once the area was cleared of other inmates, Sgt. Oliver directed the defendants to "Fuck his ass up," whereupon they alternated putting Plaintiff in a choke hold, slamming him to the ground, punching him, kicking him, spitting on him, and spraying him with pepper spray. Compl. ¶¶ 20–23. All defendants are alleged to have participated in the beating. *See* Compl. ¶¶ 21, 23.

After the beating, Plaintiff alleges that the defendants took him to the infirmary, where he received treatment.[1] Compl. ¶¶ 23–24. After leaving the infirmary, Plaintiff alleges that he was left nude in a dry cell for three days. Compl. ¶ 25. On September 19, 2016, Plaintiff states that a special investigation division officer visited Plaintiff and determined that Plaintiff needed to be

---

[1] No employee of the infirmary or other medical staff is named as a defendant.

2

reexamined. Compl. ¶ 26. Upon reexamination, it was determined that Plaintiff had broken ribs and lacerations and contusions to his face, head, and body. *Id.*

Plaintiff alleges that after the beating, the defendants attempted to fabricate a motive for inflicting force upon him. Defendants allegedly told the infirmary staff that Plaintiff assaulted Sgt. Oliver, a female. Compl. ¶ 24. In addition, Plaintiff alleges that he received false disciplinary charges to cover up the beating, but that he was found not guilty of those charges. Compl. ¶ 27. Plaintiff has since been transferred to East Jersey State Prison, where he claims he has twice been told to "leave that Northern State shit alone." Compl. ¶ 29.

## II. STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated. *See* ECF No. 2 (granting *in forma pauperis* application).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers

3

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

In the Complaint, Plaintiff attempts to assert various federal civil rights violations pursuant to the U.S. Constitution, as well as other federal and state statutory claims.

Construing the Complaint liberally, I find that the factual allegations plausibly state claims for excessive force under the Eighth Amendment. They also set forth violations of due process and equal protection under the Fourteenth Amendment because the alleged excessive force was preceded by a plausibly discriminatory statement as to race and/or national origin. *See Leamer v. Fauver*, 288 F.3d 532, 546–47 (3d Cir. 2002) (discussing application of substantive due process claims in the prison context); *Gaut v. Sunn*, 810 F.2d 923, 924–25 (9th Cir. 1987) ("Prison beatings which 'shock the conscience' are actionable as violations of due process; describing example of such conduct as an inmate who was beaten, kicked, choked, and thrown against the wall during a prison shakedown); *Burton v. Livingston*, 791 F.2d 97, 101 n.1 (8th Cir. 1986) ("when racially derogatory language is coupled with conduct infringing the prisoner's right to security of his person, an inference arises that the conduct was motivated by racial bias" and states a claim under the Equal Protection Clause); *Owens v. Leith*, No. 06-cv-2109, 2007 WL 928139, at *5 (D.N.J. March 27, 2007) ("The contention that an assault by a prison guard is racially motivated . . . states an equal protection claim."); *Douglas v. Marino*, 684 F. Supp. 395, (D.N.J. 1988) (finding that corrections officer's furnishing of false information regarding inmate's actions stated a claim for violation of due process).

Plaintiff also asserts claims pursuant to 42 U.S.C. §§ 1985 and 1986. Compl. ¶¶ 32–33. To establish a claim under § 1985(3), a plaintiff must show "(1) a conspiracy; (2) motivated by a

4

racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property, or the deprivation of any right." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). Section 1986 is a companion to § 1985(3) and provides the claimant with a cause of action against any person who, knowing that a violation of § 1985 is about to be committed and possessing power to prevent its occurrence, fails to take action to frustrate its execution. *Farber v. City of Paterson*, 440 F.3d 131, 137 (3d Cir. 2006). Construing Plaintiff's allegations liberally as the Court is required to do, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court finds that the complaint states a claim pursuant to §§ 1985 and 1986.

Plaintiff also appears to plead claims pursuant the New Jersey Civil Rights Act ("NJCRA"), N.J. Rev. Stat. § 10:6-2. The NJCRA allows a person who has been deprived of any rights under either the U.S. or New Jersey Constitution by a person acting under color of law to bring a civil action for damages and injunctive relief. *See* N.J. Rev. Stat. § 10:6-2(a); *Coles v. Carlini*, 162 F. Supp. 3d 380, 404 (D.N.J. 2015). Courts have routinely construed the NJCRA in terms nearly identical to claims brought pursuant to § 1983, and the NJCRA is interpreted analogously to it. *Coles*, 162 F. Supp. 3d at 404. Upon preliminary review, then, for the reasons stated above, I also find that Plaintiff has stated a claim for violation of the NJCRA.

To the extent that Plaintiff attempts to allege a medical claim under the Eighth Amendment, however, such a claim fails and must be dismissed. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were

deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Commonly, "deliberate indifference" has been found when, for example, the prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, or prevents a prisoner from receiving needed or recommended medical treatment. *Id.*

None of those circumstances have been pled here, and the allegations that are pled do not state a claim for deliberate indifference. The complaint relates that defendants took Plaintiff to the infirmary after the alleged beating, where Plaintiff admits he received treatment before being returned to a cell. There are no allegations that any defendant prevented Plaintiff from receiving medical care, or that the infirmary staff was deliberately indifferent to Plaintiff's serious medical needs. Accordingly, any claim of deliberate indifference to a serious medical need under the Eighth Amendment will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Complaint shall proceed past screening, except as to Plaintiff's Eighth Amendment medical deliberate indifference claim, which is dismissed without prejudice for failure to state a claim. An appropriate order follows.

Dated: January 3, 2018

KEVIN MCNULTY
United States District Judge